UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

ROMAN A. BROWN

CRIMINAL NO. 04-63-FJP-SCR

(CV 11-478-FJP-SCR)

### **RULING**

Roman Brown has filed a motion to "correct illegal and unconstitutional sentence."[1] The United States has filed a response to the motion.[2] For reasons which follow, Brown's motion is denied.

A superseding indictment was filed against the defendant charging him with possession of a firearm by a convicted felon and possession of cocaine base, also known as "crack" cocaine, in violation of Title 18, United States Code, § 922(g)(1) and Title 21, United States Code, § 844(a).

Thereafter, the United States filed an information seeking to have the Court impose statutorily enhanced penalties for the drug related violation set forth in Count II of the superseding indictment. Attached to the information were court documents from the 22nd Judicial District Court, Parish of Washington, Louisiana,

---

[1] Rec. Doc. No. 65.

[2] Rec. Doc. No. 70.

which confirmed defendant's earlier conviction of two counts of simple robbery, second degree battery, and distribution of cocaine.

The defendant and the United States entered into a plea agreement when the defendant decided to enter a guilty plea. On August 24, 2004, the defendant appeared before the Court for his rearraignment. During this proceeding, the United States filed the plea agreement into the record. In this plea agreement, the defendant agreed to waive his right to challenge the conviction and sentence in any post-conviction proceeding, "including a proceeding under Title 28, United States Code, Section 2255." The defendant also agreed to the factual basis set forth in the plea agreement which included the factual basis of the crime to which the defendant was entering a guilty plea.

Before the Court accepted the defendant's guilty plea and the plea agreement, the defendant advised the Court that he needed more time to consider whether he really wished to plead guilty. The Court granted the defendant's request and continued the proceeding to allow the defendant to confer with his attorney and make up his mind to enter a knowing, voluntary, and intelligent plea.

Two days later, the defendant's rearraignment resumed. After questioning the defendant to ensure he wanted to enter a knowing, voluntary, and intelligent plea with the advice of counsel and being satisfied that there was a factual basis to support the plea to the firearm related violation, the Court accepted the

defendant's guilty plea. The Court also accepted the plea agreement. Specifically, the Court found the defendant entered a knowing, voluntary, and intelligent plea with the advice of counsel. The Court further found the elements required to support a conviction were satisfied and there was a sufficient factual basis to support the plea. The Court also accepted the plea agreement and ordered a presentence investigation.

On October 14, 2004, the probation office issued a Presentence Report (PSR). In the PSR, the probation officer noted that the defendant had three prior convictions for crimes of violence in two counts of simple robbery, second degree battery, and one prior conviction for a serious drug offense, distribution of cocaine. The probation officer's recitation of the convictions was based on the court documents related to the underlying convictions. The probation officer also concluded that the defendant qualified as an Armed Career Criminal for purposes of 18 U.S.C. § 924(e).

The probation officer calculated the defendant's guideline offense level at 34. The probation officer gave the defendant a three level reduction for acceptance of responsibility, thereby arriving at a total offense level of 31. Based on the information in the PSR, the probation officer calculated the defendant's criminal history category to be VI. Since the defendant had an offense level of 31 and a criminal history of VI, the probation officer found the defendant's guideline imprisonment range to be

188 to 235 months.

During sentencing the defendant objected to the probation officer's finding that defendant should receive a four-level increase because the defendant violated a specific offense characteristic, namely, that the he had used or possessed a firearm in connection with another felony offense. To support his argument, the defendant relied on *Blakely v. Washington*, 524 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004). More specifically, the defendant argued that the facts relied on by the probation officer to justify such an increase were neither admitted by the defendant during his guilty plea nor determined by the jury. The defendant argues that increasing his guideline imprisonment range under this particular provision violated his Sixth Amendment rights.

The Court denied the defendant's objection and sentenced the defendant to 210 months imprisonment, followed by a five year term of supervised release. Pursuant to the terms of the plea agreement, the Court granted the motion of the United States to dismiss the remaining count charging the defendant with possession of cocaine base.

The Fifth Circuit Court of Appeals affirmed the defendant's sentence holding that the Louisiana crime of simple robbery qualified as a "violent felony" for purposes of the Armed Career Criminal Act. *United States v. Brown*, 437 F.3d 450 (5th Cir. (2006). On May 22, 2006, the defendant's conviction became final

when the United States Supreme Court denied his petition for certiorari. *Brown v. United States*, 547 U.S. 1157, 126 S.Ct. 2310, 164 L.Ed.2d 830 (2006).

On July 1, 2011, four years, one month, and 22 days after the deadline required to file a motion to collaterally attack his sentence had passed, the defendant filed the pending motion pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255(f)(1), the defendant had until May 21, 2007, in which to file a motion collaterally attacking his sentence.

In his motion, the defendant raised the following claims:

1.  Counsel was ineffective for failing to insure that the appropriate number of grand jurors concurred in returning a true bill. This argument is without merit based on the sealed grand jury minutes.

2.  Counsel was ineffective for failing to attack the indictment since there was no indication in the indictment whether it had been filed in open court or if the grand jury had convened on a regular term. This argument is without merit based on the minute entry entered on the day the indictment was returned.

3.  Counsel was ineffective for failing to attack the Court's jurisdiction and standing to try the defendant for the charged violation. This argument is without merit. District Courts of the United States possess original jurisdiction for federal criminal violations. *See* 18 U.S.C. § 3231. The factual basis, found in the plea agreement and agreed to by the defendant, alleged the crime occurred in Baton Rouge, Louisiana. Therefore, the Court had proper jurisdiction, and the Middle District of Louisiana was the proper venue.

4.  Counsel was ineffective for failing to object that the upward adjustments calculated by the probation officer should have been alleged in the indictment and either admitted by him or found so by a jury before he could be sentenced accordingly. This claim is without merit based

on *United States v. Johnson*, 445 F.3d 793, 797-798 (5th Cir. (2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

5. Counsel was ineffective for failing to attack the indictment on the basis that it did not charge the defendant with either "willfully" or "intentionally" possessing the firearm. This claim is without merit. If an objection would have been filed, the Court would have denied it.

6. Counsel failed to make an *Apprendi/Blakely* attack on the constitutionality of his sentencing as an Armed Career Criminal since those particular elements had not been alleged in the indictment. This argument is without merit and is foreclosed by *James v. United States*, 550 U.S. 192, 213-214, 127 S.Ct. 1586 (2007); *United States v. Schmidt*, 623 F.3d 257, 260 (5th Cir. 2010); *United States v. Pineda-Arellano*, 492 F.3d 624 (5th Cir. 2004); and *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006).

7. Counsel failed to attack the Court's treatment of his two state court convictions as separate instead of a single conviction for purposes of calculating his criminal history. The Armed Career Criminal Act requires defendant's felony convictions be committed on occasions different from one another. *See* 18 U.S.C. § 924(e). Whether or not those convictions arose the same day makes no difference. *United States v. McCauley*, 548 F.3d 440, 447-448 (6th Cir. 2008); *United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006). In this case, U.S.S.G. ¶4B1.4 applies.

8. Counsel failed to obtain exculpatory evidence that he was in fact not guilty of the charged offense to which he pled guilty. This claim is without merit. The defendant admitted under oath that he was guilty.

9. The federal statute criminalizing the possession of a firearm by a convicted felon was unconstitutional because it violated his Second Amendment right to possess a firearm. This argument is without merit. *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783 (2008).

10. Law enforcement authorities failed to advise him of his *Miranda* rights following his arrest. The defendant's guilty plea waived his right to object to the alleged

failure to receive a *Miranda* warning.

Although the Court has ruled on the above contentions in the alternative, it is clear that the defendant is time barred from filing his § 2255 motion. A defendant has a one year limitation period to file a motion to collaterally attack his sentence which runs from the date the conviction becomes final. 28 U.S.C. § 2255(f). A conviction becomes final when the Supreme Court denies a defendant's writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 200). Defendant's conviction became final on May 22, 2006. The deadline for the defendant to file his motion to collaterally attack his sentence was May 22, 2007. It is clear the defendant has waited too long to file his § 2255 motion. Thus, his motion should be denied. The Court also finds in the alternative that the defendant has failed to show that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

When raising a claim of ineffective assistance of counsel, a defendant must satisfy two prongs: (1) Counsel's performance was deficient; and (2) Counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. Prejudice is shown when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The defendant has failed to show that his attorney's performance was below the objective standard of reasonableness and that he was prejudiced for the

reasons set forth above.

Defendant has also failed to show that he was prejudiced by counsel's failure to attack the manner his criminal history was calculated. Even if the Court was incorrect in adding these points to defendant's criminal history, a reduction of these points would still keep the defendant's Criminal History Category at VI. Thus, defendant was not prejudiced by his counsel's failure to object to the Court adding these points to defendant's Criminal History Category.

For the above reasons, defendant's motion is dismissed because it was filed over four years beyond the deadline set forth in 28 U.S.C. § 2255. In the alternative, the Court finds defendant's contentions to be without merit.

Judgment shall be entered dismissing defendant's motion filed pursuant to 28 U.S.C. § 2255 with prejudice.

Baton Rouge, Louisiana, November 17, 2011.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA